# Exhibit 1

# Exhibit 1

F I L E D
Electronically
CV21-01433
2021-08-03 05:08:09 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8576507 : csulezic

**CODE: $1425**

Hutchison & Steffen, PLLC
Devon T. Reese, Esq., SBN 7496
dreese@hutchlegal.com
Alex R. Velto, Esq., SBN 14961
avelto@hutchlegal.com
500 Damonte Ranch Parkway, Suite 980
Reno, Nevada 89521
Telephone: (775) 853.8746
Facsimile: (775) 201.9611

*Attorneys for Alpha Omega Mechanical*

IN THE SECOND JUDICIAL DISTRICT COURT

OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| ALPHA OMEGA MECHANICAL, L.L.C., a domestic limited liability company, | Case No.: |
| Plaintiff, | Dept No.: |
| vs. | **MECHANIC'S LIEN FORECLOSURE COMPLAINT AND DEMAND FOR JURY TRIAL** (Arbitration Exemption Claimed) |
| SPIRE CONSTRUCTION, LLC, a foreign limited liability company; CANYON FLATS III, LLC; a domestic limited liability company. | |
| Defendant. | |

Plaintiff, ALPHA OMEGA MECHANICAL, L.L.C., a domestic limited liability company ("Alpha Omega"), by and through its counsel of record, Hutchison & Steffen, PLLC, as and for its Mechanic's Lien Foreclosure Complaint ("Complaint"), against the above-named defendants, and its otherwise valid claims, avers, and alleges as follows:

**THE PARTIES**

1.      Alpha Omega is and was at all times relevant to this action (i) acting under the scope of a Nevada Business License Holder, duly authorized and qualified to do

///

1

1  business in the state of Nevada, and (ii) a subcontractor, holding a Nevada State Contractor's

2  License, which license is and has been in good standing under "ALPHA OMEGA."

3      2.     Alpha Omega is informed, believes, and, therefore, alleges that Defendant,

4  SPIRE CONSTRUCTION, LLC, a foreign limited liability company ("Spire Construction") is

5  and was at all times relevant to this action (i) a Florida Limited Liability Company, duly

6  authorized and qualified to do business in the State of Nevada, and (ii) a general contractor,

7  holding a Nevada State Contractor's license, which is in good standing.

8      3.     Alpha Omega is informed, believes, and, therefore, alleges that Defendant

9  CANYON FLATS III, LLC, a domestic limited liability company ("Canyon Flats") is and was

10  at all times relevant to this action (i) a Nevada Limited Liability Company, duly authorized and

11  qualified to do business in the State of Nevada, and (ii) the owner of the property at 661 North

12  Center Street, Reno, Nevada 89501.

13      4.     Alpha Omega is informed, believes, and, therefore, alleges that Defendant, Spire

14  Construction served and/or continues to serve as the General Contractor for the Canyon Flats

15  project in Reno, Nevada.

16      5.     As used in this Complaint, the term "Defendants" shall mean Spire Construction

17  and Canyon Flats unless otherwise delineated.

18                  **JURISDICTION AND VENUE**

19      6.     Jurisdiction is proper in this Court because (i) the acts and omissions complained

20  herein occurred and caused harm primarily within Washoe County, Nevada, and (ii) the amount

21  in controversy exceeds $15,000.

22      7.     Venue is proper in this Court pursuant to NRS 13.010.

23                  **FACTUAL ACCOUNT**

24      8.     Alpha Omega is a plumbing company in Nevada.

25      9.     Canyon Flats is the owner of the property at 661 N. Center Street, Reno, Nevada

26  89501, with an APN of 007-217-21, this is the property which Alpha Omega was hired to

27  perform services on.

28  ///

10. Canyon Flats hired Spire Construction as its general contractor when it began the project, entering into Contract for the construction of a residential housing complex.

11. Spire Construction served as the general contractor, entering into contract with Alpha Omega to perform plumbing services.

12. Alpha Omega was contracted to install bathtubs, plumbing, and mechanical services related thereto at the Canyon Flats.

13. Originally there was an agreement for installation of "one piece" bathtubs, however these were difficult to obtain. Alpha Omega noticed Spire Construction of the issues with obtaining these bathtubs and indicated that they would use "three piece" bathtubs. Spire Construction signed-off on Alpha Omega's change in bathtubs.

14. Spire Construction had full notice of the materials that would be installed specifically of the "three piece" bathtubs.

15. Spire Construction further alleges back charges due to delay and trade damage.

16. Alpha Omega acknowledges that any delay which occurred was the result of the COVID-19 pandemic. There were multiple days where the project was shut down or Alpha Omega could not work. There were also additional requirements for COVID-19 compliance that were not outlined in the original contract.

17. Alpha Omega did not cause trade damage during their job performance, any such damage was caused by other subcontractors.

18. Alpha Omega is still owed retention, has acted in good faith in performance of plumbing work and conducted other projects consistent with their trade due to trade damage by other subcontractors, has been financially harmed by delays on the project, and has not been paid in accordance with the Agreement and change orders.

19. Spire Construction posted a lien replacement bond in the amount of $610,508.69.

20. In addition to Alpha Omega's claim for foreclosure of the mechanic's lien, the Agreement provides for the award of attorney fees to the prevailing party.

21. Alpha Omega reserves its right to extrapolate and add to factual allegations as they come out during the course of discovery.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

22.     Alpha Omega incorporates by reference the allegations set forth above and below and alleges the following:

23.     Alpha Omega entered into contract (collective, the Agreement) with Spire Construction wherein Alpha Omega agreed to provide certain work, materials and/or equipment (the "Work") for a project at the Canyon Flats project in Reno, Nevada.

24.     Pursuant to the Agreement, Alpha Omega was to be paid an amount in excess of four-hundred eight thousand dollars ($480,00.00) for its work on the project.

25.     Spire Construction breached the agreement by, among other things, failing and/or refusing to pay the Agreement amount and other monies owed to Alpha Omega, failing to adjust the Agreement amount to account for extra work and/or change orders, as well as suspensions, delays, acceleration and/or disruption of the Work caused or ordered by Spire Construction and/or its agents or representatives, withholding retention, failing to compensate Alpha Omega.

26.     Alpha Omega is owed an amount in excess of Fifteen Thousand and 00/100 dollars ($15,000) from Spire Construction for the Work.

**SECOND CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith & Fair Dealing)**

27.     Alpha Omega incorporates by reference the allegations set forth above and below and alleges as follows:

28.     There is a covenant of good faith and fair dealing implied in every agreement, including the Agreement between Alpha Omega and Spire Construction, and the Agreement between Alpha Omega and Spire Construction when it assumed the contractual obligations of the Agreement in abiding by its terms in paying Alpha Omega for the Work.

29.     Defendants breached their duty to act in good faith by performing the Agreement in a manner that was unfaithful to the purpose of the Agreement, thereby denying Alpha Omega's expectations.

30. Alpha Omega has been required to engage the services of an attorney to collect its monies owed, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefor.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

31. Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follows:

32. Alpha Omega furnished the Work for the benefit of and/or at the specific instance and request of Defendants.

33. Defendants accepted, used and enjoyed the benefit of the Work.

34. Alpha Omega has still not been paid at least a portion of its owed retention on the project.

35. Defendants knew or should have known that Alpha Omega expected to be paid for the Work.

36. Alpha Omega has demanded payment of the Outstanding Balance owed to it in the amount of $407,005.79 ("Outstanding Balance").

37. To date, Defendants have failed, neglected, and/or refused to pay the Outstanding Balance.

38. Defendants have been unjustly enriched, to the detriment of Alpha Omega.

39. Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefor.

### FOURTH CLAIM FOR RELIEF

### (Foreclosure of Mechanic's Lien)

40. Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follows:

41.     Alpha Omega's provision of Work was at the special instance and/or request of the Defendants for the Work of Improvement as a whole.

42.     As provided in NRS 108.245, (i) Canyon Flats knew or should have known of Alpha Omega's provision of the Work, and/or (ii) Alpha Omega served Canyon Flats and/or their authorized agents with a Notice of intent to Lien, as prescribed by Nevada law.

43.     Alpha Omega demanded payment of the Outstanding Balance, which amount remains past due and owing.

44.     On or about March 15, 2021, Alpha Omega timely recorded a Notice of Lien in the Official Records of Washoe County, Nevada, as Instrument No. 5153294 (the "Lien").[1]

45.     The Lien was in writing and was recorded against the Property and the Work of Improvement for the Outstanding Balance due to Alpha Omega in the amount of $407,005.79.

46.     As applicable, the Lien was served upon the Owners and/or their authorized agent(s), as required by law.

47.     Alpha Omega is entitled to an award of its attorney fees, costs and interest on the Outstanding Balance, as provided in Chapter 108 of the Nevada Revised Statutes.

## FIFTH CLAIM FOR RELIEF

### (Claim of Priority)

48.     Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follows:

49.     Alpha Omega is informed and believes and therefore alleges that physical work of improvement to the Work of Improvement commenced before the recording of other interests in the Work of Improvement and/or any leasehold estate claimed by any other party.

50.     Alpha Omega's claims against the Property and the Work of Improvement and/or any leasehold estates are superior to the claims of any others.

---

[1]     The Mechanic's Lien filed by Alpha Omega is attached as *Exhibit "1."*

51.     Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest, therefore.

### SIXTH CLAIM FOR RELIEF

#### (Claim against Bond posted by SPIRE CONSTRUCTION)

52.     Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follow.

53.     Spire Construction posted a surety bond in the amount of $50,000 with the Nevada State Contractors Board, which has been effective since September 14, 2018.

54.     Alpha Omega and Spire Construction Agreement constituted a valid contract.

55.     Spire Construction willfully and deliberately violated the Agreement with Alpha Omega in a number of ways, including those outlined in this complaint.

56.     Alpha Omega is entitled to the surety bond in the amount of the Outstanding Balance against Spire Construction.

57.     Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance due to owing for the Work, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefore.

### SEVENTH CLAIM FOR RELIEF

#### (Exemption from Arbitration)

58.     Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follow.

59.     Nevada Rules Governing Alternative Dispute Resolution, Rule 3, exempts from arbitration claims in excess of $50,000, such as those plead against defendants, as a result, Alpha Omega's claims are exempt from arbitration.

///

///

**PRAYER FOR RELIEF**

Wherefore, ALPHA OMEGA prays that this Honorable Court:

1.    Enters judgment against Defendant, in the amount of the Outstanding Balance;

2.    Enters a judgment against Defendants for Alpha Omega's reasonable costs and attorney fees incurred in the collection of the Outstanding Balance, as well as an award of interest thereon;

3.    Enters judgment declaring Alpha Omega has a valid and enforceable notice of lien against the Property of Canyon Flats, with priority over all Defendants, in the amount of the Outstanding Balance together with costs, attorney fees and interest in accordance with NRS Chapter 108;

4.    Adjudge a lien upon the Property and the Work of Improvement for the Outstanding Balance, plus reasonable attorney fees, costs and interest thereon, and that this Honorable Court enter an Order that the Property and the Work of Improvement, and improvements, such as may be necessary, be sold pursuant to the laws of the State of Nevada, and that the proceeds of said sale be applied to the payment of sums due.

5.    Adjudge upon the surety bond in favor of Alpha Omega.

6.    Any other relief the Court finds necessary.

*Affirmation Pursuant to NRS 239B.030.*   The undersigned affirms that the preceding document does not contain the social security number of any person.

DATED this 3 day of August, 2021.

HUTCHISON & STEFFEN

By: _____

Devon T. Reese, Esq. NSB
Alex R. Velto, Esq. NSB
500 Damonte Ranch Parkway, Ste. 980
Reno, Nevada 89521
*Attorneys for Plaintiff*

1

**LIST OF EXHIBITS**

| Exhibit No. | Document Title | No. of Pages (including exhibit cover page) |
|---|---|---|
| 1 | Mechanic's Lien | 5 |

F I L E D
Electronically
CV21-01433
2021-08-24 04:08:46 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8612255 : yviloria

**CODE: 1090**
Hutchison & Steffen, PLLC
Devon T. Reese, Esq., SBN 7496
dreese@hutchlegal.com
Alex R. Velto, Esq., SBN 14961
avelto@hutchlegal.com
500 Damonte Ranch Parkway, Suite 980
Reno, Nevada 89521
Telephone: (775) 853.8746
Facsimile: (775) 201.9611

*Attorneys for Alpha Omega Mechanical*

IN THE SECOND JUDICIAL DISTRICT COURT

OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| ALPHA OMEGA MECHANICAL, L.L.C., a domestic limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SPIRE CONSTRUCTION, LLC, a foreign limited liability company; PHILADELPHIA INDEMNITY INSURANCE COMPANY, a surety corporation.<br><br>Defendant. | Case No.:  CV21-01433<br>Dept No.:  15<br><br>**FIRST AMENDED COMPLAINT:**<br>**MECHANIC'S LIEN**<br>**FORECLOSURE COMPLAINT**<br>**AGAINST LIEN REPLACEMENT BOND**<br>**AND SURETY BOND**<br>**(Arbitration Exemption Claimed)** |

Plaintiff, ALPHA OMEGA MECHANICAL, L.L.C., a domestic limited liability company ("Alpha Omega"), by and through its counsel of record, Hutchison & Steffen, PLLC, as and for its Mechanic's Lien Foreclosure Complaint ("Complaint"), against the above-named defendants, and its otherwise valid claims, avers, and alleges as follows:

## **THE PARTIES**

1.     Alpha Omega is and was at all times relevant to this action (i) acting under the scope of a Nevada Business License Holder, duly authorized and qualified to do business in the state of Nevada, and (ii) a subcontractor, holding a Nevada State Contractor's License, which license is and has been in good standing under "Alpha Omega."

1

2.      Alpha Omega is informed, believes, and therefore alleges that Defendant, SPIRE CONSTRUCTION, LLC, a foreign limited liability company ("Spire Construction") is and was at all times relevant to this action (i) a Florida Limited Liability Company, duly authorized and qualified to do business in the State of Nevada, and (ii) a general contractor, holding a Nevada State Contractor's license, which is in good standing.

3.      Alpha Omega is informed, believes, and therefore alleges that Defendant, Spire Construction served and/or continues to serve as the General Contractor for the Canyon Flats project in Reno, Nevada.

4.      Alpha Omega is informed, believes, and therefore alleges that Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, is and was at all times relevant to this action a (i) Pennsylvania Insurance Business Corporation, duly authorized and qualified to do business in this state of Nevada, and (2) the surety company a lien replacement bond for SPIRE CONSTRUCTION, LLC.[1]

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because (i) the acts and omissions complained herein occurred and caused harm primarily within Washoe County, Nevada, and (ii) the amount in controversy exceeds $15,000.

6.      Venue is proper in this Court pursuant to NRS 13.010.

## FACTUAL ACCOUNT

7.      Alpha Omega is a plumbing company in Nevada.

8.      Canyon Flats is the owner of the property at 661 N. Center Street, Reno, Nevada 89501, with an APN of 007-217-21, this is the property which Alpha Omega was hired to perform services on.

9.      Canyon Flats hired Spire Construction as its general contractor when it began the project, entering into Contract for the construction of a residential housing complex.

10.      Spire Construction served as the general contractor, entering into contract with Alpha Omega to perform plumbing services.

---

[1] See Lien Replacement Bond attached as Exhibit "1."

11. Alpha Omega was contracted to install bathtubs, plumbing, and mechanical services related thereto at the Canyon Flats.

12. Originally there was an agreement for installation of "one piece" bathtubs, however these were difficult to obtain. Alpha Omega noticed Spire Construction of the issues with obtaining these bathtubs and indicated that they would use "three piece" bathtubs. Spire Construction signed-off on Alpha Omega's change in bathtubs.

13. Spire Construction had full notice of the materials that would be installed specifically of the "three piece" bathtubs.

14. Spire Construction further alleges back charges due to delay and trade damage.

15. Alpha Omega acknowledges that any delay which occurred was the result of the COVID-19 pandemic. There were multiple days where the project was shut down or Alpha Omega could not work. There were also additional requirements for COVID-19 compliance that were not outlined in the original contract.

16. Alpha Omega did not cause trade damage during their job performance, any such damage was caused by other subcontractors.

17. Alpha Omega is still owed retention, has acted in good faith in performance of plumbing work and conducted other projects consistent with their trade due to trade damage by other subcontractors, has been financially harmed by delays on the project, and has not been paid in accordance with the Agreement and change orders.

18. Spire Construction posted a lien replacement bond in the amount of $610,508.69 with Philadelphia Indemnity Insurance Company.

19. In addition to Alpha Omega's claim for foreclosure of the mechanic's lien, the Agreement provides for the award of attorney fees to the prevailing party.

20. Alpha Omega reserves its right to extrapolate and add to factual allegations as they come out during the course of discovery.

///

///

///

## FIRST CAUSE OF ACTION

### (Breach of Contract)

21.     Alpha Omega incorporates by reference the allegations set forth above and below and alleges the following:

22.     Alpha Omega entered into contract (collective, the Agreement) with Spire Construction wherein Alpha Omega agreed to provide certain work, materials and/or equipment (the "Work") for a project at the Canyon Flats project in Reno, Nevada.

23.     Pursuant to the Agreement, Alpha Omega was to be paid an amount in excess of four-hundred eight thousand dollars ($480,00.00) for its work on the project.

24.     Spire Construction breached the agreement by, among other things, failing and/or refusing to pay the Agreement amount and other monies owed to Alpha Omega, failing to adjust the Agreement amount to account for extra work and/or change orders, as well as suspensions, delays, acceleration and/or disruption of the Work caused or ordered by Spire Construction and/or its agents or representatives, withholding retention, failing to compensate Alpha Omega.

25.     Alpha Omega is owed an amount in excess of Fifteen Thousand and 00/100 dollars ($15,000) from Spire Construction for the Work.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith & Fair Dealing)

26.     Alpha Omega incorporates by reference the allegations set forth above and below and alleges as follows:

27.     There is a covenant of good faith and fair dealing implied in every agreement, including the Agreement between Alpha Omega and Spire Construction, and the Agreement between Alpha Omega and Spire Construction when it assumed the contractual obligations of the Agreement in abiding by its terms in paying Alpha Omega for the Work.

28.     Defendants breached their duty to act in good faith by performing the Agreement in a manner that was unfaithful to the purpose of the Agreement, thereby denying Alpha Omega's expectations.

29. Alpha Omega has been required to engage the services of an attorney to collect its monies owed, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefor.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

30. Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follows:

31. Alpha Omega furnished the Work for the benefit of and/or at the specific instance and request of Defendants.

32. Defendants accepted, used and enjoyed the benefit of the Work.

33. Alpha Omega has still not been paid at least a portion of its owed retention on the project.

34. Defendants knew or should have known that Alpha Omega expected to be paid for the Work.

35. Alpha Omega has demanded payment of the Outstanding Balance owed to it in the amount of $407,005.79 ("Outstanding Balance").

36. To date, Defendants have failed, neglected, and/or refused to pay the Outstanding Balance.

37. Defendants have been unjustly enriched, to the detriment of Alpha Omega.

38. Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefor.

## FOURTH CLAIM FOR RELIEF

### (Claim of Priority)

39. Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follows:

5

40.     Alpha Omega is informed and believes and therefore alleges that physical work of improvement to the Work of Improvement commenced before the recording of other interests in the Work of Improvement and/or any leasehold estate claimed by any other party.

41.     Alpha Omega's claims against the Property and the Work of Improvement and/or any leasehold estates are superior to the claims of any others.

42.     Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest, therefore.

## FIFTH CLAIM FOR RELIEF

### (Claim against Surety Bond posted by Spire Construction pursuant to NRS 108.237)

43.     Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follow.

44.     On or about March 15, 2021, Alpha Omega timely recorded a Notice of Lien in the Official Records of Washoe County, Nevada, as Instrument No. 5153294 (the "Lien").[2]

45.     The Lien was in writing and was recorded against the Property and the Work of Improvement for the Outstanding Balance due to Alpha Omega in the amount of $407,005.79.

46.     As applicable, the Lien was served upon the Owners and/or their authorized agent(s), as required by law.

47.     Spire Construction posted a surety bond in the amount of $50,000 with the Nevada State Contractors Board, which has been effective since September 14, 2018.

48.     Spire Construction posted a replacement bond for Alpha Omega's mechanic's lien filed on the property owned by Canyon Flat's, LLC.

49.     Alpha Omega and Spire Construction Agreement constituted a valid contract.

50.     Spire Construction willfully and deliberately violated the Agreement with Alpha Omega in a number of ways, including those outlined in this complaint.

---

[2]     The Mechanic's Lien filed by Alpha Omega is attached as *Exhibit "2."*

51.   Alpha Omega is entitled to the surety bond in the amount of the Outstanding Balance against Spire Construction.

52.   Alpha Omega has been required to engage the services of an attorney to collect the Outstanding Balance due to owing for the Work, and Alpha Omega is entitled to recover its reasonable costs, attorney fees, and interest therefore.

53.   Alpha Omega is entitled to an award of its attorney fees, costs and interest on the Outstanding Balance, as provided in Chapter 108 of the Nevada Revised Statutes.

## SIXTH CLAIM FOR RELIEF

### (Exemption from Arbitration)

54.   Alpha Omega repeats and realleges each and every allegation contained in the preceding and following paragraphs of this Complaint, incorporates them by reference, any further alleges as follow.

55.   Nevada Rules Governing Alternative Dispute Resolution, Rule 3, exempts from arbitration claims in excess of $50,000, such as those plead against defendants, as a result, Alpha Omega's claims are exempt from arbitration.

## PRAYER FOR RELIEF

Wherefore, ALPHA OMEGA prays that this Honorable Court:

1.   Enters judgment against Defendant, in the amount of the Outstanding Balance;

2.   Enters a judgment against Defendants for Alpha Omega's reasonable costs and attorney fees incurred in the collection of the Outstanding Balance, as well as an award of interest thereon;

3.   Enters judgment declaring Alpha Omega has a valid and enforceable lien claim on Spire's surety bond, with priority, in the amount of the Outstanding Balance together with costs, attorney fees and interest in accordance with NRS Chapter 108;

4.   Adjudge a lien upon the Property and the Work of Improvement for the Outstanding Balance, plus reasonable attorney fees, costs and interest thereon, and that this Honorable Court enter an Order that the Property and the Work of Improvement, and ///

1   improvements, such as may be necessary, be sold pursuant to the laws of the State of Nevada,

2   and that the proceeds of said sale be applied to the payment of sums due.

3          5.      Adjudge upon the surety bond and replacement bond in favor of Alpha Omega.

4          6.      Any other relief the Court finds necessary.

5          *Affirmation Pursuant to NRS 239B.030.*   The undersigned affirms that the preceding

6   document does not contain the social security number of any person.

7          DATED this 24 day of August, 2021.

8                                                        HUTCHISON & STEFFEN

9

10                                               By:

11                                                  Devon T. Reese, Esq. NSB
                                                   Alex R. Velto, Esq. NSB
12                                                  500 Damonte Ranch Parkway, Ste. 980
                                                   Reno, Nevada 89521
13                                                  *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### LIST OF EXHIBITS

| Exhibit No. | Document Title | No. of Pages (including exhibit cover page) |
|---|---|---|
| 1 | Lien Replacement Bond | 5 |
| 2 | Mechanic's Lien | 5 |

F I L E D
Electronically
CV21-01433
2021-08-24 04:08:46 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8612255 : yviloria

# EXHIBIT 1

# EXHIBIT 1

APN# 007-217-21

**Recording Requested by:**
Name: Theodore Chrissinger
Address: 50 W. Liberty Street, Suite 840
City/State/Zip: Reno, Nevada 89501

**When Recorded Mail to:**
Name: Theodore Chrissinger
Address: 50 W. Liberty Street, Suite 840
City/State/Zip: Reno, Nevada 89501

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

DOC # 5161288
04/02/2021 10:21:14 AM
Requested By
HOY CHRISSINGER KIMMEL VALLAS PC
Washoe County Recorder
Kalie M. Work - Recorder
Fee: $43.00 RPTT:
Page 1 of 4

( for Recorder's use only )

Lien Replacement Bond
_____
**( Title of Document )**

**Please complete Affirmation Statement below:**

⊙ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons.
(Per NRS 239B.030)

**-OR-**

◯ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____
                (State specific law)

Signature _____     Attorney
**Signature**                            **Title**

Theodore E. Chrissinger
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.

_007-217-21_ _____ (Assessor's Parcel Numbers)   Bond No. _PB12291300153_

WHEREAS, __Spire Construction, LLC_____ (name of Principal), located at
_9001 Daniels Parkway, #203, Ft. Myers, FL 33912_ (address of Principal), desires to give a bond for
releasing the following described property owned by __Canyon Flats III, LLC_____ (name
of owners) from that certain notice of lien in the sum of _Four Hundred Seven Thousand Five 79/100_
_____ Dollars ($ _407,005.79_____), recorded _March_____ (month) _15_ (day)
_2021_ (year) in the office of the recorder in _____Washoe_____ (name of county where the
property is located):
_661 North Center Street, Reno, NV 89501_____
_____
_____
_____

(Legal Description)

NOW THEREFORE, the undersigned Principal and Surety do hereby obligate themselves to the
lien claimant named in the notice of lien, __Alpha Omega Mechanical_____, (name of lien
claimant) under the conditions prescribed by NRS 108.2413 to NRS 108.2425, inclusive, in the
sum of _Six Hundred Ten Thousand Five Hundred Eight And 69/100_____ Dollars
($ _610,508.69_____), (1 ½ x lienable amount), from which sum they will pay the lien claimant
that amount as a court of competent jurisdiction may adjudge to have been secured by his lien,
including the total amount awarded pursuant to NRS 108.237.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at _Miami Lakes,_
_Florida_____ on the _30th_ day of the month of _____March_____ of the year _2021__.

Spire Construction, LLC

By_____
(Signature of Principal)

Philadelphia Indemnity Insurance Company
(Surety Corporation)

By_____
Charles J. Nielson   (Its Attorney-in-Fact)

State of _Florida_ }
County of _Lee_ } ss.

On _March_ (month) _31_ (day) _2021_ (year) before me, the undersigned, a notary
public of this county and state, personally appeared _Gene Ritz_ who
acknowledged that he executed the foregoing instrument as Principal for the
purposes therein mentioned and also personally appeared _N/A_
known (or satisfactorily proved) to me to be the attorney in fact of the
Surety that executed the foregoing instrument, known to me to be the person
who executed that instrument on behalf of the Surety therein named, and
acknowledged to me that the Surety executed the foregoing instrument.

_Melanie M Harrang_

(Notary Public in and for the County and State)

> Notary Public State of Florida
> Melanie M Harrang
> My Commission HH 015598
> Expires 10/25/2024

State of _Florida_ }
County of _Miami-Dade_ } ss.

On _30th_ (month) _March_ (day) _2021_ (year) before me, the undersigned, a notary
public of this county and state, personally appeared _N/A_ who
acknowledged that he executed the foregoing instrument as Principal for the
purposes therein mentioned and also personally appeared _Charles J. Nielson_
known (or satisfactorily proved) to me to be the Attorney-in-Fact of the
Surety that executed the foregoing instrument, known to me to be the person
who executed that instrument on behalf of the Surety therein named, and he
acknowledged to me that the Surety executed the foregoing instrument.

Notary Public, State of Florida

(Notary Public in and for the County and State)

> KRISTI MESSEL
> MY COMMISSION # GG 138793
> EXPIRES: November 14, 2021
> Bonded Thru Notary Public Underwriters

110

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004-0950

Power of Attorney

KNOW ALL PERSONS BY THESE PRESENTS: That PHILADELPHIA INDEMNITY INSURANCE COMPANY (the Company), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, does hereby constitute and appoint _Charles J. Nielson, David R. Hoover, Charles D. Nielson and Jarrett Merlucci of Nielson, Hoover & Company_, its true and lawful Attorney-in-fact with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an amount not to exceed **$50,000,000.**

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PHILADELPHIA INDEMNITY INSURANCE COMPANY on the 14th of November, 2016.

**RESOLVED:** That the Board of Directors hereby authorizes the President or any Vice President of the Company: (1) Appoint Attorney(s) in Fact and authorize the Attorney(s) in Fact to execute on behalf of the Company bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and to attach the seal of the Company thereto; and (2) to remove, at any time, any such Attorney-in-Fact and revoke the authority given. And, be it

**FURTHER RESOLVED:** That the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or certificate relating thereto by facsimile, and any such Power of Attorney so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, PHILADELPHIA INDEMNITY INSURANCE COMPANY HAS CAUSED THIS INSTRUMENT TO BE SIGNED AND ITS CORPORATE SEAL TO BE AFFIXED BY ITS AUTHORIZED OFFICE THIS 27TH DAY OF OCTOBER, 2017.



(Seal)

Robert D. O'Leary Jr., President & CEO
Philadelphia Indemnity Insurance Company

On this 27th day of October, 2017, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn said that he is the therein described and authorized officer of the **PHILADELPHIA INDEMNITY INSURANCE COMPANY**; that the seal affixed to said instrument is the Corporate seal of said Company; that the said Corporate Seal and his signature were duly affixed.



Notary Public: _Morgan Knapp_

residing at: _Bala Cynwyd, PA_

(Notary Seal)

My commission expires: _September 25, 2021_

I, Edward Sayago, Corporate Secretary of PHILADELPHIA INDEMNITY INSURANCE COMPANY, do hereby certify that the foregoing resolution of the Board of Directors and the Power of Attorney issued pursuant thereto on the 27th day of October, 2017 are true and correct and are still in full force and effect. I do further certify that Robert D. O'Leary Jr., who executed the Power of Attorney as President, was on the date of execution of the attached Power of Attorney the duly elected President of PHILADELPHIA INDEMNITY INSURANCE COMPANY.

In Testimony Whereof I have subscribed my name and affixed the facsimile seal of each Company this 30th day of _____ March _____, 20 _21_.

Edward Sayago, Corporate Secretary
PHILADELPHIA INDEMNITY INSURANCE COMPANY

F I L E D
Electronically
CV21-01433
2021-08-24 04:08:46 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8612255 : yviloria

# EXHIBIT 2

# EXHIBIT 2

APN# 007-217-21

**Recording Requested by:**
Name: Hutchison & Steffen
Address: 500 Damonte Ranch Pkwy, Suite 980
City/State/Zip: Reno, Nevada 89521

**When Recorded Mail to:**
Name: Alpha Omega Mechanical
Address: 135 Coney Island Drive
City/State/Zip: Sparks, Nevada 89431

**Mail Tax Statement to:**
Name: Alpha Omega Mechanical
Address: 135 Coney Island Drive
City/State/Zip: Sparks, Nevada 89431

**DOC # 5153294**
03/15/2021 03:41:17 PM
Requested By
HUTCHISON & STEFFEN PLLC
Washoe County Recorder
Kalie M. Work - Recorder
Fee:  $43.00 RPTT:
Page 1 of 4

( for Recorder's use only )

Notice of Lien

## ( Title of Document )

### Please complete Affirmation Statement below:

◉ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

◯ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____
         (State specific law)

                                                     Paralegal
Signature                                            Title

Amy Otutaha
Printed Name

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.

APN: 007-217-21

*From:*
Alpha Omega Mechanical
135 Coney Island Dr.
Sparks, Nevada 89431

*Notice of Intent To Lien Real Property located at:*
Canyon Flats
661 N. Center Street
Reno, Nevada 89501

## NOTICE OF INTENT TO LIEN

NOTICE IS HEREBY GIVEN that:

Alpha Omega Mechanical, by and through the undersigned Counsel, hereby claims lien upon property described in this notice for work, materials or equipment furnished or to be furnished for the improvement of the property:

1. The amount of the original contract is $2,900,000.00;

2. The total amount of all additional or changed work, materials, and equipment is $292,375.06;

3. The total amount of all payments received to date is $2,741,733.55;

4. The amount of the lien, after deducting all just credits and offsets is $407,005.79;

5. The owner of the property that is the subject of this lien is Canyon Flats III, LLC;

6. The person, company, or entity by whom Alpha Omega Mechanical was employed, or to whom Alpha Omega Mechanical furnished, or agreed to furnish work, materials or equipment is Spire Construction, LLC and Canyon Flats III, LLC;

7. The terms of payment of the contract with Alpha Omega Mechanical and Spire Construction, LLC are to complete Plumbing installation and other related services for completion of work for the project knows as Canyon Flats at Reno, Nevada;

8. The description of the property to be charged with the lien is:

Canyon Flats III, LLC
661 N. Center Street
Reno, Nevada 89501
APN: 007-217-21

Dated this ___ day of February, 2021.                    HUTCHISON & STEFFEN, PLLC

By: _____
Alex R. Velto, Esq.
500 Damonte Ranch Pkwy, Ste. 980
Reno, Nevada 89521
(775) 853.8746

STATE OF NEVADA          )
                         ) ss.
COUNTY OF WASHOE         )

ALEX R. VELTO, being first duly sworn on oath according to law, deposes and says: I have read the foregoing Notice of Lien, know the contents thereof and state the same is true of my own personal knowledge, except those matters stated upon information and belief, and, as to those matters, I believe them to be true.

_____
Alex R. Velto Esq.
*Attorney for Alpha Omega Mechanical*

Subscribed and sworn to before me, by Alex R. Velto, on this ___ day of February, 2021.

AMY MARIE OTUTAHA
Notary Public-State of Nevada
APPT. NO. 07-1071-2
My Appt. Expires 12-08-2022

_____
NOTARY PUBLIC

Exhibit

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Canyon Flats c/o Sierra Corp Sros
100 w. Liberty Street, 10th Floor
Reno, NV-89501

9590 9402 3982 8079 4400 35

2. Article Number (Transfer from service label)
7019 2970 0001 1039 9163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here
FEB 4 2021

Sent To  Canyon Flats c/o Sierra Corporate Services
Street and Apt. No., or PO Box No.  100 w. Liberty St. 10th Floor
City, State, ZIP+4  Reno, NV 89501

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions